Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 8125 | **DATE** | 7/17/2001 |
| **CASE TITLE** | Thomas Engineering, Inc. Vs. Steven McLean and I. Holland, Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order, for the reasons explained, the Court grants I. Holland's motion to dismiss for personal jurisdiction (11-1), however, in lieu of dismissal the Court will transfer the case to the District of New Jersey pursuant to 28 U.S.C. Section 1406. I. Holland's motion to transfer pursuant to Section 1404(a) (11-2) is denied as moot. The Court grants McLean's motion to transfer (10-1). The case against both defendants is transferred to the United States District Court for the District of New Jersey. I. Holland's motion to dismiss Counts 6,7 and 8 for failure to state a claim (11-3) and McLean's motion to dismiss Counts 4 and 5 for failure to state a claim (10-2) should be addressed to that court.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | number of notices | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | JUL 18 2001 date docketed | |
| | Notified counsel by telephone. | | | | |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | 20 |
| | Mail AO 450 form. | | FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | | 01 JUL 17 PM 5: 27 | JUL 18 2001 date mailed notice | |
| TP | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS ENGINEERING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 00 C 8125 |
| ) | |
| STEVEN MCLEAN and I. ) | |
| HOLLAND, INC., ) | |
| ) | |
| Defendants. ) | |

JUL 1 8 2001

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Thomas Engineering Inc. is an Illinois corporation with its principal place of business in Hoffman Estates, Illinois. TEI develops, manufactures and sells highly specialized tooling products used to make pharmaceutical tablets, nutritional supplements, vitamins and over-the-counter medications. Defendant Steve McLean worked for TEI as a sales engineer.

As a condition of his employment with TEI, on September 25, 1993, McLean signed an employment agreement that prohibited him from using or disclosing any "confidential information," as that term was defined in the agreement, except as required as part of his duties as a sales engineer for TEI. Employment Agreement, ¶¶2, B (a copy of the agreement is attached as Exhibit 1 to TEI's complaint). The agreement also contained a non-compete clause; by signing, McLean agreed that for a period of two years after leaving the company he would not render services to any person or entity in connection with the sale, merchandising or promotion of products competing with TEI's products to any customer of TEI for which he had been responsible. Id., ¶E(a). To lessen the impact of the non-compete clause, TEI agreed that if after

leaving McLean was unable to find work solely because of his obligations under that clause, TEI would pay him an amount equal to his base monthly salary beginning four months after his termination and lasting for up to 20 consecutive months or until McLean was able to find a job that would allow him to honor his agreement with TEI. *Id.*, ¶E. Finally, the agreement provided that disputes arising out of the agreement were governed by Illinois law and that McLean submitted to personal jurisdiction in any court in the state of Illinois that had jurisdiction to hear disputes arising under or out of the agreement. *Id.* ¶G.

McLean left TEI on September 24, 1999. Shortly thereafter (some time before November 29, 1999), TEI learned from customers that McLean had solicited their business on behalf of I. Holland, a British company that, like TEI, is in the business of developing, manufacturing and selling highly specialized tooling products to be used in manufacturing pharmaceutical tablets, nutritional supplements, vitamins and over-the-counter medications. On November 1, 1999 TEI wrote to McLean reminding him of his obligations under the employment agreement, asking him to stop representing I. Holland, and threatening to sue if he did not. On November 29, 1999, TEI (this time through its attorney) again wrote to McLean demanding that he terminate his relationship with I. Holland and return all confidential information he had taken from TEI; along with this letter TEI enclosed a copy of the agreement as well as a draft complaint. The draft complaint, which named only McLean as a defendant, alleged that "shortly [after McLean resigned from TEI] two customers volunteered separately to [TEI's] Sales Manager and General Manager that McLean had been in their offices recently on behalf of one of [TEI's] competitors,

2

I. Holland, Ltd." Draft Complaint, ¶21.[1] TEI copied I. Holland on both the letter and the enclosures.

On December 27, 2000 TEI sued McLean for breach of the employment agreement, violation of the Illinois Trade Secrets Act, tortious interference with contract, and tortious interference with prospective business advantage. TEI also sued I. Holland for violation of the ITSA, tortious interference with contract, and tortious interference with prospective business advantage. Both McLean and I. Holland have moved to dismiss the tortious interference claims against them for failure to state a claim. In addition, McLean has moved to transfer the case under 28 U.S.C. §1404(a) to the District of New Jersey, and I. Holland has moved to dismiss for lack of personal jurisdiction or alternatively to transfer under §1404(a) to the District of New Jersey.

Personal jurisdiction is lacking as to I. Holland. Because this is a specific jurisdiction case (TEI does not argue that general jurisdiction is appropriate), the issue is whether I. Holland "has 'purposefully established minimum contacts with [Illinois]' and . . . whether, by traditional standards, those contacts would make personal jurisdiction reasonable and fair under the circumstances." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985)). The answer is clearly no. "Crucial to the minimum contacts analysis is showing that the defendant 'should reasonably anticipate being haled into court [in the forum State], because the defendant has 'fully avail[ed] itself of the privilege of conducting activities there." *Id.* (quoting *Burger King*, 471 U.S. at 474-

---

[1] This same allegation formed the basis for the claims TEI alleged in the complaint it ultimately filed with the Court.

3

75). TEI asserts that jurisdiction exists here because I. Holland knew or should have known that if it hired McLean and allowed him to call on TEI's customers, it was likely to get sued in Illinois, yet it nonetheless chose to do so. There are two significant problems with this. First, TEI reasons that the draft complaint and employment agreement enclosed with the November 29, 1999 letter put Holland on notice that suit was likely and that it would occur in Illinois, but I. Holland was neither named in the complaint nor a party to the employment agreement; the jurisdictional consent in the agreement bound only McLean. More importantly, taking the facts in the light most favorable to TEI, I. Holland received the complaint (and therefore learned about the employment agreement between TEI and McLean, with its Illinois choice of law clause and its personal jurisdiction consent clause), *after* I. Holland forged its relationship with McLean and *after* McLean solicited TEI's customers. Thus the acts upon which TEI seeks to impose specific jurisdiction–the decision to hire McLean and to allow him to call on TEI's customers–had already been done before I. Holland supposedly availed itself of the protections of Illinois' laws. To impose personal jurisdiction after the fact under these circumstances would be neither reasonable nor fair, particularly because McLean was not working in, or soliciting clients located in Illinois. I. Holland's motion to dismiss for lack of personal jurisdiction is granted.

At a recent status hearing, the Court advised the parties that it would grant I. Holland's motion to dismiss for lack of personal jurisdiction and, in light of that, asked TEI to decide whether it preferred to have the claims against I. Holland dismissed or instead transferred to the District of New Jersey under 28 U.S.C. §1406. TEI has since advised the Court that it prefers transfer. Accordingly, in lieu of an outright dismissal, the Court transfers the case against I. Holland to the District of New Jersey.

4

TEI continues to oppose McLean's motion to transfer, in which McLean asks the Court to transfer the case to the District of New Jersey pursuant to 28 U.S.C. §1404(a). TEI does not dispute that venue would be proper in that forum, and therefore the question under §1404(a) is whether McLean has established that the transfer would serve the convenience of the parties and the witnesses and would be in the interest of justice. In evaluating the convenience of the parties and witnesses, the Court considers: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties of litigating in the respective forums. *See, e.g., Brandon Apparel Group, Inc. v. Quitman Manufacturing Co.*, 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999). The analysis of these concerns produces a mixed result. TEI chose this forum, which certainly counts, though less so than it might if the litigation had a greater connection to Illinois, *see Letter-Rite, Inc. v. Computer Talk, Inc.*, 605 F.Supp. 717, 720 (N.D. Ill. 1985) (the plaintiff's forum choice should not be lightly set aside, but if the litigation bears little relation to that forum, transfer may be appropriate); Illinois' only connection to the litigation is that TEI and McLean signed the employment agreement here and TEI, an Illinois corporation, felt the economic impact of the alleged breach in Illinois. But McLean lives and works in New Jersey; even when he worked for TEI he was based out of New Jersey, covering a customer territory that included New Jersey, parts of Pennsylvania, Maryland, Virginia, Delaware, North Carolina and South Carolina. The sources of proof, including evidence of the relationship between I. Holland and McLean and McLean's dealings with TEI's customers is likely to be in New Jersey and possibly Pennsylvania and South Carolina. Similarly the customer witnesses will have to travel from Pennsylvania and South Carolina; I. Holland's principal will have to travel from England; McLean and any of his

5

employees will be in New Jersey and TEI and its employees will be in Illinois. Balancing the convenience of the parties results in a draw: this is clearly a more convenient forum for TEI, and New Jersey is clearly a more convenient forum for McLean. TEI argues that the employment agreement requires the Court to deny McLean's motion to transfer. Not so. "A clause in a contract under which the parties agree to jurisdiction in a particular forum permits suit in that forum. It does not compel it unless the parties use language evidencing a clear intent to limit adjudication of the controversy to that particular forum." *Aznet Communications v. Digital Partnership, Inc.*, No. 89 C 5332, 1989 WL 134784, at *1 (N.D. Ill. Oct. 13, 1989). *See Walter E. Heller & Co. v. James Godbe Co.*, 601 F.Supp. 319, 321 (N.D.Ill.1984). The parties here used no such language.

At the end of the day, consideration of the "interests of justice" factor, which relates to the efficient administration of the court system, *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986), tips the scale. Because the case against I. Holland will proceed, if at all, in the District of New Jersey,[2] the Court's refusal to transfer the case against McLean would require the parties to litigate two cases involving the same facts and the same causes of action in two different forums. Such duplicative litigation would truly be a waste of judicial resources. The interests of justice are best served by having TEI prosecute its case against both defendants in the same forum at the same time, and there appears to be only one place where that is possible: the United States District Court for the District of New Jersey. Accordingly, the Court grants McLean's motion to transfer. *See Applexion S.A. v. The Amalgamated Sugar Co.*, No. 95 C 858,

---

[2]This would have been the case even if the Court had dismissed the claims against I. Holland rather than transferring them under §1406.

1995 WL 404843, at *2 (N.D. Ill. July 7, 1995) (a district court should not countenance the simultaneous litigation of essentially identical claims in two federal courts); *Asset Allocation & Mgt. Co. v. Western Employers Ins. Co.*, 892 F.2d 566, 573 (7th Cir. 1989) (same).

Having concluded that transfer is appropriate, the Court will not resolve the defendants' motions to dismiss for failure to state a claim; those motions are better addressed to the transferee court.

## CONCLUSION

For the reasons explained above, the Court grants I. Holland's motion to dismiss for personal jurisdiction [Docket No. 11-1], however, in lieu of dismissal the Court will transfer the case to the District of New Jersey pursuant to 28 U.S.C. §1406. I. Holland's motion to transfer pursuant to §1404(a) [11-2] is denied as moot. The Court grants McLean's motion to transfer [10-1]. The case against both defendants is transferred to the United States District Court for the District of New Jersey. I. Holland's motion to dismiss Counts 6, 7 and 8 for failure to state a claim [11-3] and McLean's motion to dismiss Counts 4 and 5 for failure to state a claim [10-2] should be addressed to that court.

Dated: July 17, 2001

MATTHEW F. KENNELLY
United States District Judge